UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HUAFENG XU | : | Civil Action No. 13-4026 (PGS) |
| Plaintiff, | : | |
| v. | : | MEMORANDUM OPINION AND ORDER |
| KATHRYN KENEALLY, et al. | : | |
| Defendants. | : | |

This matter comes before the Court on Plaintiff Huafeng Xu's Motion to Stop the Ongoing Violations and Misconduct by this Court Clerk [dkt. no. 19]. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

**I.**

Since the parties are well acquainted with the procedural history of this matter, the Court need not recite it at length here. Briefly, Plaintiff filed a Motion to Stop the Ongoing Violations and Misconduct of this Court Clerk on October 2, 2013. See dkt. no. 19. Two days later, Plaintiff requested that his Application be adjudicated by Chief Judge Jerome B. Simandle. See dkt. no. 21. By Order dated October 18, 2013, Chief Judge Simandle declined to determine the matters set forth in Plaintiff's Motion and directed that the issues be adjudicated by District Judge Peter G. Sheridan and Magistrate Judge Douglas E. Arpert. See dkt. no. 23.

**II.**

In his Motion, Plaintiff asserts various "violations and misconduct" by the Court Clerk. See Pl.'s Motion, at pp.1-3, dkt. no. 19. A review of Plaintiff's allegations indicates that they lack merit. The Court will not endeavor to address every assertion of misconduct, as Plaintiff's allegations are largely indecipherable. By way of example, Plaintiff contends that the Court

Clerk violated Local Rule 7.1 "by allowing the Defendants to use their self-made format of the Motion and Memorandum . . . ." Pl.'s Motion, at p. 2. The Court is unclear as to the specific language in Local Rule 7.1 that Plaintiff relies on, but cannot discern any impropriety in the format of Defendants' motion papers.

As another example, Plaintiff argues that the Court Clerk has violated Court Rules by denying his various requests for Default Judgment. See Pl.'s Motion at p. 3. As the Court Clerk indicated three times on the docket, Plaintiffs' Requests for Default could not be granted as requested. Under Fed. R. Civ. P. 55(a), the entry of default is appropriate when "a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend . . . ." Defendants filed a Motion to Dismiss on September 3, 2013 [dkt. no. 8], and have not otherwise failed to defend in this action. Therefore, Plaintiff's allegations that the Court Clerk improperly denied his requests for Default Judgment are incorrect.

Plaintiff's remaining assertions of misconduct are similar in nature and also lack merit. Indeed, the allegations themselves demonstrate a misunderstanding of the Court Rules. Accordingly, the Court declines to grant Plaintiff's Motion.

### III.

The Court having considered the papers submitted and the opposition thereto, and for the reasons set forth above;

**IT IS** on this 6th day of December, 2013,

**ORDERED** that Plaintiff's Motion [dkt. entry. no. 5] is **DENIED** as set forth above.

*s/ Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**