# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| |
|---|
| HUAFENG XU, <br><br> Plaintiff, <br><br> v. <br><br> KATHRYN KENEALLY and <br> MELISSA L. DICKEY, <br><br> Defendants. |

Civil Action No.: 13-cv-04026 (PGS)

MEMORANDUM AND ORDER

This matter is before the Court on two motions. The first is Defendants' motion to dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted (ECF No. 8), and a cross-motion for default judgment (ECF No. 6).

The defendants are Assistant United States Attorneys who are employed by the Department of Justice, Tax Division in Washington, DC. Mr. Xu alleges that in another lawsuit, that defendant's "notice through the CM/ECF system was not legally signed" because they "[used] their self-made e-signatures but not following the CM/ECF policies . . ." Mr. Xu describes the defendants' responses in the other law suit as "lies", and seeks $2 million in damages, "because the defendants have been wasting his Big Time." (ECF No. 1).

While a complaint challenged under Rule 12(b)(6) "does not need detailed factual allegations," Xu's obligation "to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief," and the complaint should be dismissed. *Id.* at 679. Here, Plaintiff does not meet this standard.

Generally, the Court rules require a clear plain statement of a claim of relief. Fed. R. Civ. P. 8(a)(2). Plaintiff's case does not sufficiently provide same. Ordinarily, Plaintiffs are granted an opportunity to amend their complaint to correct a deficiency. However, in this case, to do so would be futile in light of the number of other similar nonsensical cases that have been filed by Mr. Xu. They are:

| | |
|---|---|
| Xu v. Magistrate Judge Arpert | New Jersey District Court Docket No. 14-cv-00083 |
| Xu v. William Walsh | New Jersey District Court Docket No. 13-cv-05626 |
| Xu v. Naqvi, et al. | New Jersey District Court Docket No. 12-cv-07844 |
| Xu v. Waldron. | New Jersey District Court Docket No. 14-cv-82 |

On the cross-motion, Plaintiff brings a motion for default judgment. Based on the ruling above, it is moot. Moreover, Defendants' motion was timely filed as a response in lieu of an answer, and as such there are no grounds for such relief.

## ORDER

IT IS on this 6th day of February, 2014

ORDERED that the motion to dismiss (ECF No. 8) is granted; and it further

ORDERED that the motion for default judgment (ECF No. 6) is denied.

_____
PETER G. SHERIDAN, U.S.D.J.